G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
TABITHA INGRAM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TABITHA INGRAM,<br>Plaintiff,<br>vs.<br><br>PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,<br>Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br>**(Unlawful Debt Collection Practices)**<br>**Demand Does Not Exceed $10,000** |

**<u>COMPLAINT</u>**

## *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Tabitha Ingram, an individual consumer, against defendant Performant Recovery, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et*

*seq*. (hereinafter ‘‘FDCPA’’), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## *III. PARTIES*

3. Plaintiff, Tabitha Ingram, is a consumer, a natural person allegedly obligated to pay any debt, residing in the state of North Carolina.

4. Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ‘‘debt collector’’ as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

## *IV. FACTUAL ALLEGATIONS*

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Upon information and belief, within one year prior to the filing of this complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's parents, who are not a co-signers on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

8. Upon information and belief, Defendant, within one year prior to the filing of this complaint, threatened to sue Plaintiff itself, and make her responsible for its fees and costs, when it cannot do so.

9. Upon information and belief, Defendant, within one year prior to the filing of this complaint, threatened to garnish Plaintiff's wages.

10. Upon information and belief, Defendant, within one year prior to the filing of this complaint, contacted Plaintiff and threatened to seize Plaintiff's tax returns and assets.

11. Upon information and belief, Defendant, within one year prior to the filing of this complaint, contacted Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

12. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, amongst other negative emotions.

13. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

14. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt by lying to and misleading Plaintiff.

## *V. CLAIM FOR RELIEF*

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged

debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the person hearing or reading the communication in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(f) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt

will result in the seizure of any property or wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(g) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(h) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(i) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication, subsequent to the initial communication that was not a formal pleading, that the communication was from a debt collector; and

(j) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Tabitha Ingram for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Tabitha Ingram respectfully requests that judgment be entered against defendant, Performant Recovery, Inc.for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that plaintiff Tabitha Ingram demands trial by jury in this action.

Respectfully submitted this 19th day of February, 2014,

**PRICE LAW GROUP APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
Attorney for Plaintiff