ELIZABETH E. FRANKLIN, CSB 88377
ATTORNEY AT LAW
333 N. Canyons Parkway, Suite 200
Livermore, CA 94551
Telephone: (925) 960-4764
Facsimile:  (925) 960-4880
Email: efranklinlaw@gmail.com
Attorney for Defendant PERFORMANT RECOVERY, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABITHA INGRAM, | ) |
| | ) Case No.: C14-747  NC |
| Plaintiff, | ) |
| vs. | ) ANSWER TO COMPLAINT FOR |
| | ) DAMAGES AND DEMAND FOR |
| PERFORMANT RECOVERY, INC., etc. | ) JURY TRIAL |
| et al., | ) |
| | ) |
| Defendants. | ) |

Defendant PERFORMANT RECOVERY, INC. hereby responds to plaintiff TABITHA INGRAM's (hereinafter "Plaintiff") Complaint as follows:

1. As to Paragraph 1, this Paragraph does not contain matters that need to be admitted or denied by Defendant, except it denies any violations of the FDCPA.

2. As to Paragraph 2, at this time Defendant does not contest this Court's federal subject matter jurisdiction.

3. As to Paragraph 3, Defendant admits plaintiff is allegedly obligated to pay a debt, but as to the remainder of the allegations, lacks sufficient knowledge to admit or deny these allegations, and on that basis denies them.

4. As to Paragraph 4, Defendant admits these allegations.

5. As to Paragraph 5, Defendant admits that under certain circumstances it is a "debt collector" as defined by the FDCPA.

6. As to Paragraph 6, Defendant lacks sufficient knowledge to admit or deny these allegations, and on that basis denies them.

7. As to Paragraph 7, Defendant denies these allegations.

8. As to Paragraph 8, Defendant denies these allegations.

9. As to Paragraph 9, Defendant admits that only its client/creditor is authorized to garnish wages under federal statutes but denies all remaining allegations.

10. As to Paragraph 10, Defendant denies these allegations.

11. As to Paragraph 11, Defendant denies these allegations.

12. As to Paragraph 12, Defendant denies these allegations.

13. As to Paragraph 13, Defendant denies these allegations.

14. As to Paragraph 14, Defendant denies these allegations.

15. As to Paragraph 15, Defendant denies these allegations.

16. As to Paragraph 16, Defendant re-asserts and re-alleges the responses to Paragraphs 1-15 as though set forth herein.

17. As to Paragraph 17, Defendant denies these allegations, its entirety and all its subparts.

18. As to Paragraph 18, Defendant denies theses allegations.

## AFFIRMATIVE DEFENSES

19. Defendant presently has insufficient knowledge of information on which to form a belief as to all potential defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that additional defenses would be appropriate. Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

20. Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

21. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

22. Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent of said negligence, carelessness and/or intentional acts caused and/or contributed to Plaintiff's injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

23. Defendant alleges that all other persons and parties were careless and/or negligent and/or committed intentional acts, and that this carelessness, negligence, and/or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent of said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, than the damages alleged should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

24. Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to maximize and/or mitigate the losses and/or damages asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

25. Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such activities were legal, appropriate and necessary.

### SEVENTH AFFIRMATIVE DEFENSE

26. Defendant alleges that it relied upon the representations of its client and any inaccuracies or misrepresentations alleged were the result of such reliance.

### EIGHTH AFFIRMATIVE DEFENSE

27. Defendant alleges that it has no civil liability under the FDCPA, pursuant to 15 U.S.C. § 1692k(c), as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### NINTH AFFIRMATIVE DEFENSE

28. Defendant alleges that any representations by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their accuracy.

### TENTH AFFIRMATIVE DEFENSE

30. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the immunities embodied arising under federal and state common law.

///
///

### ELEVENTH AFFIRMATIVE DEFENSE

31. Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

32. Defendant is informed and believes, and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

34. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time:  assumption of risk, waiver, estoppel, offset, duress, failure of consideration, fraud, illegality, license, res judicata, failure to join an indispensable party, release, laches, and abatement.

WHEREFORE, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;

2. That Defendant be awarded judgment in this action;

3. For attorneys' fees incurred herein, pursuant to statute;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

Dated: March 12, 2014

/s/ *Elizabeth E. Franklin*
Elizabeth E. Franklin
Attorney for Defendant Performant Recovery, Inc.

DEMAND FOR JURY TRIAL

Defendant DIVERSIFIED COLLECTION SERVICES, INC. hereby demands a jury trial in this matter.

Dated: March 12, 2014

*/s/ Elizabeth E. Franklin*
Elizabeth E. Franklin
Attorney for Defendant Performant Recovery, Inc.

PROOF OF SERVICE

I, <u>Adam Fishman</u>, declare:

I am a citizen of the United States and employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 333 N. Canyons Parkway, Suite 200. On March 12, 2014, I served a copy of the within document (s):

DEFENDANT PERFORMANT RECOVERY, INC's ANSWER AND

JURY DEMAND

by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address (es) on file with the Court's CM/ECF system.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 12, 2014, at Livermore, CA.

<u>*/s/ Adam Fishman*</u>
Adam Fishman